IN the MATTER OF DISCIPLINARY PROCEEDINGS Against
Todd J. BEATSE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Todd J. BEATSE, Respondent.

Supreme Court

*No. 2005AP2826–D. Decided October 11, 2006.*

2006 WI 115

(Also reported in 722 N.W.2d 385.)

¶ 1. PER CURIAM.   We review the referee's recommendation that Attorney Todd Beatse be publicly reprimanded for his professional misconduct.

¶ 2.   Neither the Office of Lawyer Regulation (OLR) nor Attorney Beatse has appealed the referee's recommendation. Thus, the matter is submitted to the court for its review pursuant to SCR 22.17(2).[1] In conducting our review, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review the referee's conclusions of law, however, on a de novo basis. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130 ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Finally, in accordance with our authority to supervise the practice of law in this state, we determine the level of discipline that is appropriate under the particular circumstances, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 3.   After our independent review of the record, we adopt the referee's findings of fact and conclusions of law. Further, we agree with the referee's recommendation that a public reprimand is appropriate discipline in this case.

---

[1] SCR 22.17(2) provides:   Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 4.   Attorney Beatse was admitted to the practice of law in May 2000. At the times relevant to this matter, he was an assistant district attorney for Monroe County.

¶ 5.   According to the OLR's complaint, on January 24 or 25, 2005, Attorney Beatse left his office to attend court hearings. While he was out of his office, the district attorney's office received notification that its computer system had to be shut down for maintenance purposes. When Attorney Beatse's secretary went to shut down his computer, she discovered pornographic images that had been downloaded from the Internet and minimized on the bottom of his screen.

¶ 6.   Attorney Beatse told various individuals, including his supervisor, Monroe County District Attorney Daniel Cary, that the images had come from his son's use of a home computer, that he had copied them onto a memory stick, and that he had loaded them onto his work computer to determine what files or websites his son had been accessing at home. This story was false.

¶ 7.   When the district attorney ordered an investigation of the matter, a review of Attorney Beatse's state-provided computer showed that during the preceding 55 days (on 29 of which Attorney Beatse had been at work), he had browsed pornographic Internet sites for 36 hours, and that 12 of the 20 sites visited most by Attorney Beatse were pornographic sites.

¶ 8.   Attorney Beatse thereafter admitted that he had lied to District Attorney Cary about his son having been the source of the pornography and that he himself had been improperly viewing pornography with his work computer, contrary to various state and local work rules. Attorney Beatse, however, stated that he had not viewed pornography after the discovery on January 24

or 25. This was false because the audit of his computer showed that he had spent over a half hour viewing pornography on January 26 and 27, 2005.

¶ 9. Attorney Beatse was suspended without pay and given a disciplinary letter advising him that further misuse of the state computer system would lead to further disciplinary action.

¶ 10. While on disciplinary suspension, Attorney Beatse used the state e-mail system from his home computer to send a number of improper e-mail messages, including messages to two female government employees, one of whom was a court reporter. In those messages he made comments about having touched the breasts of a third Monroe County employee and about the court reporter's breasts. The court reporter also stated that Attorney Beatse had made a number of similar inappropriate oral comments about her breasts on previous occasions. In addition to all of these comments, the audit of the computer system disclosed that Attorney Beatse had sent a number of e-mails about his sexual activities and other sexual topics. Attorney Beatse initially denied having sent sexually explicit e-mails using the state computer system, except when the sexual content was "part of a joke." This was not true.

¶ 11. In light of these additional facts, the district attorney's office terminated Attorney Beatse's employment. After a period of not practicing law, Attorney Beatse now works as a private attorney.

██

¶ 12. The OLR's complaint alleged that by lying to his co-workers and his supervisor about the source of and reason for the pornography on his work computer, by lying about his continued viewing of pornography on

his work computer after January 24 or 25, and by lying about sending and receiving sexually explicit e-mails, Attorney Beatse had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[2]

██

¶ 13. The second count of the OLR's complaint alleged that by making offensive comments to the court reporter about her breasts and by using the state e-mail system to send and receive numerous messages containing inappropriate sexual and ·other offensive content, Attorney Beatse had violated the attorney's oath, including the requirement to "abstain from all offensive personality," *see* SCR 40.15, thereby also violating SCR 20:8.4(g).[3]

¶ 14. Attorney Beatse filed an answer pleading no-contest to the two counts in the OLR's complaint. He objected, however, to the OLR's request for a public reprimand, arguing that a private reprimand was sufficient discipline.

¶ 15. Russell L. Hanson was appointed as a referee and conducted a hearing on the appropriate sanction. The referee's subsequent report concluded that Attorney Beatse's no-contest pleas to the allegations of the complaint were a sufficient basis to find that he had violated SCR 20:8.4(c) and SCR 20:8.4(g).

██

¶ 16. With respect to the question of the appropriate level of discipline, the referee concluded that a

---

[2] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 20:8.4(g) provides that it is professional misconduct to "violate the attorney's oath."

public reprimand was warranted. He acknowledged that there were some mitigating factors in Attorney Beatse's favor, including that Attorney Beatse had already suffered significant consequences, such as the loss of his job, that he had cooperated with the OLR in its investigation, and that he appears to have genuine remorse for his misconduct. On the other hand, the referee concluded that Attorney Beatse's conduct was so outrageous that it required public, rather than private, discipline. He stated that it was disturbing not only that Attorney Beatse had lied and attempted to place undeserved blame on his son, but also that his repeated lies had caused his employer and co-workers additional work. In addition, the referee stated that he believed that Attorney Beatse still did not fully understand that because someone shares questionable or inappropriate stories with him, he did not have the right to comment on that person's anatomy.

¶ 17. After reviewing the record and in light of Attorney Beatse's no-contest plea, we adopt the referee's factual findings based on the allegations of the OLR's complaint. We also adopt the referee's legal conclusions that Attorney Beatse violated SCR 20:8.4(c) by his multiple false statements and that he violated his oath as an attorney, thereby also violating SCR 20:8.4(g). We further agree that the repeated nature and seriousness of Attorney Beatse's misconduct warrants a public reprimand. Finally, we decide that Attorney Beatse should be required to pay the costs of this proceeding, which were $6693.98 as of May 11, 2006.

¶ 18. IT IS ORDERED that Todd J. Beatse is publicly reprimanded for his professional misconduct.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Todd J. Beatse pay to the Office of Lawyer Regulation the costs of this

proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Todd J. Beatse to practice law in Wisconsin shall be suspended until further order of the court.